**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IHSANULLAH MULAKHIL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-952-G** |
| | ) | |
| **ROBERT CERNA, Acting Field Office Director of Dallas Office, U.S. Immigration and Customs Enforcement, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Ihsanullah Mulakhil filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 7). Petitioner did not file a reply within the time allowed.

*I. Background*

Petitioner, a "citizen of Afghanistan," "entered the United States on or about April 17, 2024." Pet. ¶¶ 7, 9.[2] Petitioner was "charged as removable" pursuant to 8 U.S.C. §

---

[1] Chris Gantt, Warden of the Cimarron Correctional Facility, is hereby substituted as respondent for Scarlet Grant pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are: Acting Field Office Director Cerna; Todd Blanche, Attorney General of the United States; and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security.

[2] An April 17, 2024 Notice to Appear states that Petitioner is a "native of Afghanistan and citizen of Belgium." Pet. Ex. 2 (Doc. No. 1-2) at 1 (capitalization omitted).

1182(a)(6)(A)(i). Answer at 4. Petitioner "is seeking protection in the form of asylum, withholding of removal, and protection under the Convention Against Torture." Pet. ¶ 2.

On October 22, 2025, Petitioner was stopped by local law enforcement in Oklahoma and then "transferred to ICE custody." Answer at 4; *id.* Ex. 2 (Doc. No. 7-2) at 1-2. Petitioner is detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. ¶ 16.

"On January 12, 2026, Petitioner was ordered removed to Afghanistan." Answer at 4. Petitioner then "filed a timely appeal with the Board of Immigration Appeals," "which creates an automatic stay of removal." *Id.* ¶¶ 2, 12; Answer at 4.

Respondents state, "Petitioner has not requested a bond hearing with the immigration court." Answer at 4. Petitioner alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which "subject[s] him to mandatory detention" and "categorically den[ies] him eligibility for bond." Pet. ¶ 60.

*II. Discussion*

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) "exceeds statutory authority and violates" the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. Pet. ¶¶ 56-62. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *See id.* at 13-14.

Invoking multiple statutory interpretation arguments, Respondents argue that, because "Congress did not use the word 'arriving' to limit the scope of § 1225(b)(2)(A)'s mandatory-detention provision," "Petitioner's statutory argument misreads the INA by limiting § 1225(b)(2)(A) to arriving noncitizens." Answer at 5-11 (emphasis omitted); *see*

*also Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).

Following the submission of the parties' briefing, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C. § 1226(a)] (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶ 9; Answer at 4; *id.* Ex. 2, at 2; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Pet. ¶ 60. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief. *See*

*Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[3]

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 23rd day of September, 2026.

CHARLES B. GOODWIN
United States District Judge

---

[3] Petitioner argues that at any bond hearing the government should bear "the burden of justifying continued detention." Pet. ¶ 6. Respondents argue that the Court should not be shifted and that, if warranted, the proper relief on Petitioner's INA claim is a "bond review in the normal course." Answer at 14-15. The Court need not address Petitioner's request. *See Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026); *see also Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 & n.3 (W.D. Okla. July 7, 2026); *Munaf v. Geren*, 553 U.S. 674, 693 (2008). As discussed above, the habeas relief to which Petitioner is entitled is either "an individualized bond hearing" before "an immigration court" or "release." *Guzman Morales*, 2026 WL 1962374, at *2 & n.3; *Santillan Quiroz*, 180 F.4th at 1251 n.13; *see* 8 U.S.C. § 1226(a)(2).